UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| N.M, ET AL.,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>BOARD OF POLICE COMMISSIONERS,<br>ET AL.<br><br>　　　Defendants. | Cause No:<br>St. Louis City Circuit Court<br>Circuit Court No:  1122-cc-01218<br><br><br>**JURY DEMAND REQUESTED** |

# *NOTICE OF REMOVAL*

COME NOW defendants, by and through counsel, and file this Notice of Removal of the above-entitled action to the United States District Court for the Eastern District of Missouri, Eastern Division pursuant to 28 U.S.C. § 1441 and 1446, and for grounds hereof respectfully states as follows:

1. That the above-entitled action, now pending in the Circuit Court of the City of St. Louis, State of Missouri is an action in equity brought by the plaintiffs against defendants to recover equitable relief and other damages.

2. The plaintiffs request temporary restraining orders, preliminary injunctions and permanent injunctive relief on the basis that defendants' directive to plaintiffs to produce for certain cellular phone records and electronically stored texted messaged images violates their federally-protected rights under the Fourth Amendment of the United States Constitution prohibiting unreasonable searches and seizures.

3. That Federal District Courts have original jurisdiction over claims or rights "arising under the Constitution, treaties, or laws of the United States." 28 U.S.C. § 1441(b). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987).

4. That this Court has original jurisdiction over this action in as much as the plaintiffs alleges violation of their Fourth Amendment rights under the United States Constitution.

5. That in any civil action of which the Federal District Courts have original jurisdiction, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 USCS § 1367(a). The Federal District Court may exercise jurisdiction over state-law claims that may be viewed as part of the same case if they "derive from a common nucleus of operative fact" as the federal claim. Mine Workers v. Gibbs, 383 U.S. 715 (1966).

6. That the action may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a), 1446 and 1367(a).

7. That this Notice of Removal is filed in this Court within thirty days after the receipt by Defendants, of a copy of Plaintiffs' Request for TRO and Injunctive Relief for equitable relief in said action, setting forth the claim for relief upon which said action is based, which Petition was served upon Defendants by hand delivery on March 25, 2011

8. A true and correct copy of Plaintiff's TRO and Injunctive Relief filed in the Circuit Court of the City of St. Louis is attached as Exhibit A.

WHEREFORE, Defendants prays this Honorable Court to accept jurisdiction of said action.

/s/ Jessica L. Liss
Jessica L. Liss  #51331MO
PITZER SNODGRASS, P.C.
Attorney for Defendants
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
E-mail: liss@pspclaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, certify that copy of the foregoing was served on the following counsel of record via hand delivery and U.S. mail on this 25h day of March, 2011:

John A. Bouhasin
Bouhasin Law Firm
5201 Hampton Ave.
St. Louis, Missouri 63109

/s/ Jessica L. Liss