MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| N. M., a POLICE OFFICER, et al., | ) | |
| | ) | |
| **Petitioners,** | ) | Cause No. |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **BOARD OF POLICE COMMISSIONERS,** | ) | |
| **CHIEF JEROME LEE** | ) | |
| **DR. MICHAEL GERDINE** | ) | |
| **MS. BETTYE BATTLE-TURNER** | ) | |
| **MR. RICHARD GRAY** | ) | |
| **MAYOR FRANCIS SLAY, EX OFFICIO** | ) | |
| **CHIEF DANIEL ISOM** | ) | |
| **INTERNAL AFFAIRS DIVISION** | ) | Division No. |
| | ) | |
| | ) | |
| **Respondents.** | ) | |
| | ) | |
| **HOLD SERVICE ON RESPONDENTS** | ) | |

## REQUEST FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF

### Count I:  Request for Temporary Restraining Order, Preliminary Injunction and Permanent Injunctive Relief

This matter comes before the Court on Petitioners N. M., et al., requests for a temporary restraining order(s), preliminary injunctions and permanent injunctive relief.  At this time the Court takes up the request for a temporary restraining order.  Petitioner and Respondents appear by counsel. The Court makes the following findings of specific facts that support the showing required by Rule 92.02(a), to wit:

     1.     Petitioner N. M. is an individual residing in the City of St. Louis and employed as a Police Officer for the St. Louis Metropolitan Police Department.

     2.     Petitioner T. F. is an individual residing in the City of St. Louis and employed as a Police Officer for the St. Louis Metropolitan Police Department.

3.    Petitioner S. S. is an individual residing in the County of St. Louis and employed as a Police Officer for the St. Louis Metropolitan Police Department.

4.    Petitioner C. B. is an individual residing in the City of St. Louis and employed as a Police Officer for the St. Louis Metropolitan Police Department.

5.    Respondent Board of Police Commissioners exists pursuant to Chapter 84.020 R.S.Mo., Further Respondent is charged with the duty of establishing and maintaining a police force pursuant to 84.100 R.S.Mo

6.    Petitioners are employees of Respondent Board of Police Commissioners.

7.    On or about March 17 and March 18, 2011, Petitioners were summoned to the Internal Affairs Division of the St. Louis Metropolitan Police Department and ordered to answer questions in connection with an allegation of employee misconduct relative to a photograph of a deceased suspect, Carlos Boles, who after shooting and killing Federal Marshall John Perry, was killed by Officers/Marshalls on or about March 8, 2011 at or near 3117 Osage.   The Employee Misconduct Report alleges that an unknown officer took a picture of the deceased subject, and forwarded it other persons, including a private citizen whom then contacted the Internal Affairs Division of the St. Louis Metropolitan Police Department.

8.    On or about March 18, 2011, Petitioners N. M. and T. F. were given a direct order by Sgt. William Brown, of the Internal Affairs Division, to produce detailed telephone records from their private cellular telephones, which includes all texting and messaging information, to include the pictures or images that were sent and received between March 8, 2011 from 12:00 am. to March 18, 2011 at 12:00 p.m. The Order indicated that the officers would be subject to discipline for failure to obey this direct Order if they do not produce their private telephone records. Discipline could result in termination of employment.   True and authentic copies of a transcript of the orders are attached hereto as **Exhibits 1a** and **1b**. Petitioners S. S. and C. B were given identical direct orders by Sgt. William Brown.   True and authentic copies of the transcript of the orders are attached hereto as **Exhibit 1c** and **1d**.

9. The records of telephone numbers requested by the Metropolitan Police Department are not in

the names of Petitioners N. M and T. F, rather ownership is held in the names of the Petitioners' wives and/or family members.   True and authentic copies of the redacted cover pages of the telephone statements are attached hereto as **Exhibits 2a** and **2b**.   Likewise, the telephone records of Petitioners S. S. and C. B include private telephone numbers and information belonging to their wives and/or family members.   True and authentic copies of the redacted cover pages of the telephone statements are attached hereto as **Exhibits 2c** and **2d**.

10.  The Order of the St Louis Metropolitan Police Department to produce records of a cellular phone not owned by the individual employees and/or containing personal information of non-employees is invalid and unlawful, as the owners of the accounts and/or information contained in the account statements are not employees of the St Louis Metropolitan Police Department.

11.  Petitioners do not have the authority to *require* their family members to voluntarily consent to produce their cellular telephone records and/or the information contained therein, *which include their personal businesses records*.

12.  Pursuant to **City of Ontario, California, et al., v. Jeff Quon, et al**., *130 S.Ct. 2619 (2010)* The Fourth Amendment states: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated…." It is well established that the 4th Amendment's protection extends beyond the sphere of criminal investigations.  Id at 2627. Individuals do not lose 4th Amendment rights merely because they work for the government instead of a private employer. Id at 2618.

13.  The City of Ontario case pertains to a police officer assigned to a swat unit, who was ordered by his Internal Affairs Division to produce transcripts of text messages made on a department issued pager. Id at 2626 . Before acquiring the pagers, the City announced a policy concerning computer usage, internet an email policy.  Id at 2625.  The Policy stated it allowed the police department to monitor those communications.  Id.  The police department subsequently revised their policy to include text messages on department issued pagers as "emails" and would be subject to review.  Id.  The police department subsequently requested transcripts of Quon's text messages for a 2 month period.  Id.  The Department

3

then redacted all messages sent while Quon was off duty.  Id.

14.  The analysis of City of Ontario v. Quon focused on whether the search was excessively intrusive.  Id at 2631.  In whether the search was too intrusive, the court discussed the extent of Quon's expectation of privacy. Id. The Court considered two factors, first the pagers were issued to SWAT team members by the Department in order to help them more quickly respond to crises, and second that Quon was warned the pager was subject to audit. Id.  In concluding the search was not unreasonable, the Court distinguished this search from that of a search of a person's private information stating that the "audit of messages on Quon's employer-provided pager was not nearly as intrusive as a search of his personal email account or pager, or a wiretap on his home phone line." Id.

15. The instant case involves the Internal Affairs Division of the St. Louis Metropolitan Police Department requesting petitioners to turn over personal cell phone records of accounts owned by and/or containing private information of family members.  As the Court noted, these situations are quite distinguishable.  The SLMPD has issued no special order relative to review of any personal property, including cell phones and pagers.  The SLMPD has issued a special order relative to computer systems, however these items are specified as SLMPD equipment.   See Sec I & II of S.O. 9-06.  On the other hand, Cell phones and text messaging communications are so pervasive that some persons may consider them to be essential means or necessary instruments for self expression.  Id at 2630.  And employer policies concerning communications will of course shape the reasonable expectations of privacy of their employees, especially to the extent that such policies are *clearly* communicated. Id at 2630.

16.  Petitioners have given statements pursuant to Garrety v. New Jersey, 385 U.S. 493 (1967), which requires police officers respond to questions directly and narrowly related to the performance of their duties, however the case does not contemplate the production of any documents, much, let alone any documents of a personal nature such as cell phone records and/or information belonging to Petitioners' family members.

17.  Should the SLMPD be allowed to review such records, the review would amount to a warrantless search in violation of the fourth amendment and fourteenth amendments, and would be

4

excessively intrusive in nature. <u>Katz v. U.S</u>. 277 U.S. 347, 88 S.Ct. 507 (1967).

18.    Petitioners have no adequate remedy at law and immediate and irreparable harm, injury, loss or damage will result in the absence of relief.

19.    If a temporary restraining order and injunction is granted in this action the injury, if any, to Respondents, if the final judgment is in their favor, will be inconsiderable (or nonexistent) and will be adequately indemnified by a minimal bond.

WHEREFORE, petitioner requests this court to issue a temporary restraining order, preliminary injunction, and permanent injunction in this action enjoining respondents from implementing and/or enforcing the direct order issued by Internal Affairs Sgt. William Brown on or about March 18, 2011, requiring petitioners to produce personal cellular phone records for the period of March 8, 2001 to March 18, 2011, and that the court grant petitioner such other and further relief as it deems just and proper under the circumstances.


JOHN A. BOUHASIN, #49050
5201 Hampton Avenue
St. Louis, Missouri 63109
(314) 832-9600 Telephone
(314) 353-0181 Facsimile
email: bouhasinlaw@gmail.com

ATTORNEY FOR PETITIONER

5

Comes now Thomas Favazza, of full age and being duly sworn upon his oath, does hereby state that the Verified Petition filed in this matter, is true and correct according to his best knowledge, information, and belief.

Thomas Favazza

Subscribed and sworn to before me a Notary Public this 25+A day of MARCH, 2011.

Notary Public

My Commission Expires:

```
DONNA D. NOWAK
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Louis City
My Commission Expires: August 12, 2014
Commission Number: 10431141
```

PETITIONER'S
EXHIBIT

Blumberg No. 5106

**STATE OF   MISSOURI**              )

                                     )SS

**CITY OF ST. LOUIS**                )

Comes now Petitioner Nicholas Manasco, of full age and being duly sworn upon his oath, does hereby state that the Verified Petition filed in this matter is  true and correct according to his best knowledge, information and belief.

_____
Nicholas Manasco

Subscribed and sworn to before me this 25-th day of MARCH, 2011.

_____
Notary Public

My Commission Expires:

DONNA D. NOWAK
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Louis City
My Commission Expires: August 12, 2014
Commission Number: 10431141


PETITIONER'S
EXHIBIT

## MISSOURI CIRCUIT COURT
## TWENTY-SECOND JUDICIAL CIRCUIT
### (City of St. Louis)

| | | |
|---|---|---|
| NICHOLAS MANASCO, et al., | ) | |
| | ) | |
| Petitioners, | ) | Cause No. |
| | ) | |
| vs. | ) | |
| | ) | |
| BOARD OF POLICE COMMISSIONERS, | ) | |
| CHIEF JEROME LEE | ) | |
| DR. MICHAEL GERDINE | ) | |
| MS. BETTYE BATTLE-TURNER | ) | |
| MR. RICHARD GRAY | ) | |
| MAYOR FRANCIS SLAY, EX OFFICIO | ) | |
| INTERNAL AFFAIRS DIVISION | ) | Division No. |
| | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

### AFFIDAVIT OF STEPHEN SCHROEDER

I, Steven Schroeder, Detective for the St. Louis Metropolitan Police Department, being

first duly sworn, deposes and states that I have read the Petition for Temporary Restraining

Order and Injunctive Relief filed in the above styled cause, and the facts stated therein are true.

_____
Stephen Schroeder

Subscribed and sworn to before me, a Notary Public, this 25th day of March, 2011.

seal

_____
Notary Public

DONNA D. NOWAK
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Louis City
My Commission Expires: August 12, 2014
Commission Number: 10431141

1

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

NICHOLAS MANASCO, et al.,                    )
                                             )
        Petitioners,                         )          Cause No.
                                             )
vs.                                          )
                                             )
BOARD OF POLICE COMMISSIONERS,               )
CHIEF JEROME LEE                             )
DR. MICHAEL GERDINE                          )
MS. BETTYE BATTLE-TURNER                     )
MR. RICHARD GRAY                             )
MAYOR FRANCIS SLAY, EX OFFICIO               )
INTERNAL AFFAIRS DIVISION                    )          Division No.
                                             )
                                             )
        Respondents.                         )
                                             )

## AFFIDAVIT OF CURTIS BURGDORF

I, Curtis Burgdorf, Detective for the St. Louis Metropolitan Police Department, being first duly sworn, deposes and states that I have read the Petition for Temporary Restraining Order and Injunctive Relief filed in the above styled cause, and the facts stated therein are true.

_____
Curtis Burgdorf

Subscribed and sworn to before me, a Notary Public, this 25th day of March, 2011.

seal

_____
Notary Public

JOANN PARMENTIER
Notary Public, State of Missouri
Franklin County
Commission # 10425432
My Commission Expires December 22, 2014

1

Today is March 18, 2011, at _____ AM/PM.  My name is Sergeant  William Brown and I'm currently in the Internal Affairs Division, room 618.   Accompanying me in this room is Sergeant James Clark, DSN 5540, Officer Nicholas Manasco, 6926 and Attorney John Bouhasin, who is representing Officer Nicholas Manasco.

We are here regarding Employee Misconduct Report 11-062.

- Officer Nicholas Manasco Please acknowledge that you are aware of this investigation and have already provided a statement regarding this matter.  Is this correct? _____

- At this time, I would like to remind you that I am a superior ranking officer, and in conjunction with this investigation, I am giving you the following direct order.

- Officer Nicholas Manasco by March 28, 2011, at 12 PM, you are to produce the detailed telephone record, which indicates all texting and messaging information, to include the pictures or images that were sent and received from telephone number (314) 638-7585, between March 8, 2011, 12 AM, thru March 18, 2011, 12 AM.  The phone records will hand delivered to me, in it's entirety, with no missing information.

- Do you understand the direct order?

- As such, you are aware that Failure to Follow a Direct Order of a superior officer, either written or orally, is a violation of Police Manual 7.004 C-3-E, which carries a possible discipline of Reprimand to Dismissal?

I would like to remind you that if I do not receive the requested information, in it's entirety, by March 28, 2011, 12 PM, you may be subjected to discipline for Failure to Follow this Direct Order.

Do you understand?

At this time, this interview will be concluded and the time is ____.


PETITIONER'S
EXHIBIT
1 A

Today is March 18, 2011, at _____ AM/PM.  My name is Sergeant William Brown and I'm currently in the Internal Affairs Division, room 618.   Accompanying me in this room is Sergeant James Clark, DSN 5540, Officer Thomas Favazza, 6405 and Attorney John Bouhasin, who is representing Officer Nicholas Manasco.

We are here regarding Employee Misconduct Report 11-062.

- Officer Thomas Favazza Please acknowledge that you are aware of this investigation and have already provided a statement regarding this matter.  Is this correct? _____

- At this time, I would like to remind you that I am a superior ranking officer, and in conjunction with this investigation, I am giving you the following direct order.

- Officer Thomas Favazza by March 28, 2011, at 12 PM, you are to produce the detailed telephone record, which indicates all texting and messaging information, to include the pictures or images that were sent and received from telephone number (314) 518-6908, between March 8, 2011, 12 AM, thru March 18, 2011, 12 AM.  The phone records will hand delivered to me, in it's entirety, with no missing information.

- Do you understand the direct order?

- As such, you are aware that Failure to Follow a Direct Order of a superior officer, either written or orally, is a violation of Police Manual 7.004 C-3-E, which carries a possible discipline of Reprimand to Dismissal?

I would like to remind you that if I do not receive the requested information, in it's entirety, by March 28, 2011, 12 PM, you may be subjected to discipline for Failure to Follow this Direct Order.

Do you understand?

At this time, this interview will be concluded and the time is ____.



PETITIONER'S
EXHIBIT
1B

Today is March 18, 2011, at _____ AM/PM.  My name is Sergeant William Brown and I'm currently in the Internal Affairs Division, room 618.   Accompanying me in this room is Sergeant James Clark, DSN 5540, Officer Stephen Schroeder, 6973 and Attorney Brian Millikan, who is representing Officer Stephen Schroeder.

We are here regarding Employee Misconduct Report 11-062.

- Officer Stephen Schroeder Please acknowledge that you are aware of this investigation and have already provided a statement regarding this matter.  Is this correct? _____

- At this time, I would like to remind you that I am a superior ranking officer, and in conjunction with this investigation, I am giving you the following direct order.

- Officer Stephen Schroeder by March 28, 2011, at 12 PM, you are to produce the detailed telephone record, which indicates all texting and messaging information, to include the pictures or images that were sent and received from telephone number (314) 719-7819, between March 8, 2011, 12 AM, thru March 18, 2011, 12 AM.  The phone records will hand delivered to me, in it's entirety, with no missing information.

- Do you understand the direct order?

- As such, you are aware that Failure to Follow a Direct Order of a superior officer, either written or orally, is a violation of Police Manual 7.004 C-3-E, which carries a possible discipline of Reprimand to Dismissal?

I would like to remind you that if I do not receive the requested information, in it's entirety, by March 28, 2011, 12 PM, you may be subjected to discipline for Failure to Follow this Direct Order.

Do you understand?

At this time, this interview will be concluded and the time is ___.

EXHIBIT

1c

Today is March 18, 2011, at _____ AM/PM.  My name is Sergeant William Brown and I'm currently in the Internal Affairs Division, room 618.   Accompanying me in this room is Sergeant James Clark, DSN 5540, Officer Curtis Burgdorf, 6500 and Attorney Brian Millikan, who is representing Officer Curtis Burgdorf.

We are here regarding Employee Misconduct Report 11-062.

- Officer Curtis Burgdorf Please acknowledge that you are aware of this investigation and have already provided a statement regarding this matter.  Is this correct? _____

- At this time, I would like to remind you that I am a superior ranking officer, and in conjunction with this investigation, I am giving you the following direct order.

- Officer Curtis Burgdorf by March 28, 2011, at 12 PM, you are to produce the detailed telephone record, which indicates all texting and messaging information, to include the pictures or images that were sent and received from telephone number (314) 494-7949, between March 8, 2011, 12 AM, thru March 18, 2011, 12 AM.  The phone records will hand delivered to me, in it's entirety, with no missing information.

- Do you understand the direct order?

- As such, you are aware that Failure to Follow a Direct Order of a superior officer, either written or orally, is a violation of Police Manual 7.004 C-3-E, which carries a possible discipline of Reprimand to Dismissal?

I would like to remind you that if I do not receive the requested information, in it's entirety, by March 28, 2011, 12 PM, you may be subjected to discipline for Failure to Follow this Direct Order.

Do you understand?

At this time, this interview will be concluded and the time is ____.

EXHIBIT

tabbies

1 J



**Sprint**
Corporate Security
Mailstop KSOPHM0206
6480 Sprint Parkway
Overland Park, KS 66251
Office: 913-315-0660   Fax: 816-600-3111
E-mail:  Gary.T.Dockery@sprint.com

**Gary Dockery**
Subpoena Specialist

3/21/2011

ANDREA MANASCO
7850 SAGEBROOK CT
SAINT LOUIS, MO 63129

Your Case Number: NONE PROVIDED
Sprint Case Number: 2011-084730

Dear Andrea Manasco,

Pursuant to the above-referenced case, I am enclosing the requested information
for the specified time period associated with the following number(s).

Should you have any questions or further inquiries, please contact the Sprint
Subpoena Compliance Group at 866-259-7534.

Sincerely,
Gary Dockery
Subpoena Compliance
Sprint Corporate Security
Gary.T.Dockery@sprint.com

Enclosures

*Notice:  If the records contained in the attached package are utilized in trial proceedings, and if you
require a records custodian for authentication, be advised Sprint does not have local representatives.
Sprint's Trial Team is located at our Corporate Headquarters in Overland Park, Kansas.   You will need
to contact the Trial Team at CSTrialTeam@Sprint.com or call our office at 913-315-8775.  Our office
will require at least two-weeks notice in addition to pre-paid travel arrangements by your office.

**Sprint L-Site**
Sprint has an interactive web tool for law enforcement known as L-Site. If you are unfamiliar with
L-Site and wish to obtain further information, please send an email to:  L-Site@Sprint.com.

1



# Key to Understanding CDMA TEXT Detail Reports

**Calling number:**   This column reflects the number initiating the text message.  If the text message is outbound, this will be the Sprint PCS telephone number.

**Called number:**   This column reflects the number that received the text message.  In most cases this number will be the same as the number in the "Dialed Digits" column.

**Dialed digits:**   This column reflects the digits that were entered into the keypad of the phone.  If the text message is inbound, this will be the Sprint PCS phone number.

**M_R #:**   Mobile Role (Type of text message).  Inbound or Outbound

**Start Date:**   Date and time the text message was initiated.  (Central time zone)

**End Date:**   Date and time the text message was ended. (Central time zone)

**Duration:**   Duration in seconds (will always be 0).

**Repoll number:**   This reflects which phone switch handled the text message.

## Availability of Records

Text detail will not be released before 10/15/2009.  Please note as of 04/15/2011, only the most recent 18 months of text detail will be available.

## Time Zones

*Please be advised that as of October 12, 2010, all CDMA CDR (Call Detail Record) text message time stamps are kept in Central time zone. Records prior to October 12, 2010 are either in Central or Eastern time zone. Sprint is unable to determine which time zone is reflected in records older than October 12, 2010.

## RECEIVING RECORDS IN ELECTRONIC FORMAT

Your request may have been satisfied by providing records on a compact disc (CD). Sprint uses a CD when the response is particularly voluminous.  Once "recorded" the CD cannot be deleted, re-recorded or appended.  The information on the CD is in a Microsoft Excel spread sheet (XLS) format;

### SPREADSHEET FILES (XLS)

We use Microsoft Excel to generate these files and recommend that product for viewing them.  To retrieve these documents, open your spreadsheet program of choice then use the open file command (normally listed under File in the Window Menu bar).  Navigate to the drive containing the CD and double click on the file name.   Please see your program documentation for assistance.  While you may not manipulate the file and re-save directly on the CD, it may be manipulated and re-saved elsewhere.

1

## Sprint Subscriber Information
### Sprint Case #: 2011-084730
### Reference Case #: NONE PROVIDED

**Request Type:**    **Text Detail**
Date Range:          3/7/2011 to 3/17/2011
Subject Number:      3147505946

Please see the attached documents.

2



**Sprint**
Corporate Security
Mailstop KSOPHM0206
6480 Sprint Parkway
Overland Park, KS 66251
Office: 913-315-0660   Fax: 816-600-3111
E-mail:  Gary.T.Dockery@sprint.com

**Gary Dockery**
Subpoena Specialist

3/23/2011

Colleen Favazza
5729 Rhodes  Ave
St Louis, MO 63109

Your Case Number: NONE PROVIDED
Sprint Case Number: 2011-088100

Dear Colleen Favazza,

Pursuant to the above-referenced case, I am enclosing the requested information for the specified time period associated with the following number(s).

Should you have any questions or further inquiries, please contact the Sprint Subpoena Compliance Group at 866-259-7534.

Sincerely,
Gary Dockery
Subpoena Compliance
Sprint Corporate Security
Gary.T.Dockery@sprint.com

Enclosures

*Notice:  If the records contained in the attached package are utilized in trial proceedings, and if you require a records custodian for authentication, be advised Sprint does not have local representatives. Sprint's Trial Team is located at our Corporate Headquarters in Overland Park, Kansas.   You will need to contact the Trial Team at CSTrialTeam@Sprint.com or call our office at 913-315-8775.  Our office will require at least two-weeks notice in addition to pre-paid travel arrangements by your office.

**Sprint L-Site**
Sprint has an interactive web tool for law enforcement known as L-Site. If you are unfamiliar with L-Site and wish to obtain further information, please send an email to:  L-Site@Sprint.com.

1



**Sprint Subscriber Information**
**Sprint Case #: 2011-088100**
**Reference Case #: NONE PROVIDED**

**Request Type:**    **Text Detail**
Date Range:      3/7/2011 to 3/18/2011
Subject Number:   3145186908

Please see the attached documents.

2

# Key to Understanding CDMA TEXT Detail Reports

**Calling number:**  This column reflects the number initiating the text message.   If the text message is outbound, this will be the Sprint PCS telephone number.

**Called number:**  This column reflects the number that received the text message.  In most cases this number will be the same as the number in the "Dialed Digits" column.

**Dialed digits:**  This column reflects the digits that were entered into the keypad of the phone.  If the text message is inbound, this will be the Sprint PCS phone number.

**M_R #:**  Mobile Role (Type of text message).  Inbound or Outbound

**Start Date:**  Date and time the text message was initiated.  (Central time zone)

**End Date:**  Date and time the text message was ended. (Central time zone)

**Duration:**  Duration in seconds (will always be 0).

**Repoll number:**  This reflects which phone switch handled the text message.

## Availability of Records

Text detail will not be released before 10/15/2009.  Please note as of 04/15/2011, only the most recent 18 months of text detail will be available.

## Time Zones

*Please be advised that as of October 12, 2010, all CDMA CDR (Call Detail Record) text message time stamps are kept in Central time zone. Records prior to October 12, 2010 are either in Central or Eastern time zone. Sprint is unable to determine which time zone is reflected in records older than October 12, 2010.

## RECEIVING RECORDS IN ELECTRONIC FORMAT

Your request may have been satisfied by providing records on a compact disc (CD). Sprint uses a CD when the response is particularly voluminous.  Once "recorded" the CD cannot be deleted, re-recorded or appended.  The information on the CD is in a Microsoft Excel spread sheet (XLS) format;

### SPREADSHEET FILES (XLS)

We use Microsoft Excel to generate these files and recommend that product for viewing them.  To retrieve these documents, open your spreadsheet program of choice then use the open file command (normally listed under File in the Window Menu bar).  Navigate to the drive containing the CD and double click on the file name.   Please see your program documentation for assistance.  While you may not manipulate the file and re-save directly on the CD, it may be manipulated and re-saved elsewhere.

1



How to Contact Us:
- 1-800-331-0500 or 611 from your cell phone
- For Deaf/Hard of Hearing Customers (TTY/TDD)
1-866-241-6567

Statement Date: ▮▮▮▮▮
Account Number: ▮▮▮▮▮

| | |
|---|---|
| Previous Balance | ▮ |
| Payment Posted | ▮ |
| PAST DUE BALANCE | ▮ |
| Payable Immediately | |
| Monthly Service Charges | ▮ |
| Usage Charges | |
| Credits/Adjustments/Other Charges | ▮ |
| Government Fees & Taxes | ▮ |
| TOTAL CURRENT CHARGES | ▮ |
| Due Apr 06, 2011 | |
| Late fees assessed after Apr 16 | |
| Total Amount Due | ▮ |

**Wireless Number(s)**
314-719-7817       -
314-825-2158       -

**\*\*\*This Bill Includes A Past Due Balance\*\*\***

If payment has already been made, thank you, please disregard. If not, payment must be made immediately.  Please send your payment, including current charges,  in the enclosed envelope.  You may also pay 24 hours a day, by major credit card or electronic check at 1-800-331-0500, or att.com/MyWireless. If your service is suspended, a reconnection fee will apply.  If you have questions regarding your account, contact us at 1-800-947-5096.

*Return the portion below with payment to AT&T Mobility.*

| | |
|---|---|
| Account Number | ▮ |
| Total Amount Due | ▮ |
| Amount Paid | |
| $ | |

STEPHEN J. SCHROEDER

*\*Please do not send correspondence with payment.*

☐       Yes, enroll me in AutoPay
         Signature required on reverse

Please Mail Check Payable To:
AT&T Mobility
PO Box 650553
Dallas, TX 75265-0553

**EXHIBIT**

ZC

AT&T

**How to Contact Us:**

- 1-800-331-0500 or 611 from your cell phone
- For Deaf/Hard of Hearing Customers (TTY/TDD)
1-866-241-6567

Statement Date:
Account Number:

| | |
|---|---|
| Previous Balance | |
| Payment Posted | |
| BALANCE | |
| Monthly Service Charges | |
| Usage Charges | |
| Credits/Adjustments/Other Charges | |
| Government Fees & Taxes | |
| **TOTAL CURRENT CHARGES** | |
| Due Mar 25, 2011 | |
| Late fees assessed after Apr 05 | |
| Total Amount Due | |

**Wireless Numbers with Rollover**

314-494-7949        -
636-578-7887        -

**Add a Line with Family Talk from AT&T**

FamilyTalk(R) plans start at just $69.99/month including
700 Rollover Minutes. Add up to three additional lines
for only $9.99 each. Sign up now by calling 800-449-1672
or visit ATT.COM/ADDALINE

*Return the portion below with
payment to AT&T Mobility.*

Account Number:
Total Amount Due:
Amount Paid:
$

*Please do not send correspondence with payment.*

**CURTIS B. BURGDORF**

☐        Yes, enroll me in AutoPay
         Signature required on reverse

**Total Amount Due**
**Mar 25, 2011**

**Please Mail Check Payable To:**
AT&T Mobility
PO Box 650553
Dallas, TX 75265-0553



EXHIBIT

2J

**BOUHASIN LAW FIRM**
**A Professional Corporation**
**5201 Hampton Avenue**
**St. Louis, Missouri  63109-3102**
**(314) 832-9600**
**(314) 353-0181 Fax**
**bouhasinlaw@gmail.com**

March 24, 2011

St. Louis Metropolitan Police Department
Attn:  Board of Police Commissioners
1200 Clark Avenue, Room 603
St. Louis, Missouri  63103

**Sent via fax to Mark Lawson, Police Legal Advisor (314) 444-5611**

RE:    Nicholas Manasco, et al v. Board of Police Commissioners

Dear Sir or Madam:

Please be advised that I represent Police Officers Nicholas Manasco and Thomas Favazza, relative to a direct order to produce personal cellular telephone records, issued March 18, 2011 at the office of the Internal Affairs division of the St Louis Metropolitan Police Department by Sgt. James Clark.

Please be further advised that I am filing a suit in equity in St. Louis City Circuit Court to enjoin and/or restrain the St. Louis Metropolitan Police Department from implementing and enforcing this direct Order issued on May 18, 2011 to turn over personal cell phone records relative to an incident that occurred on March 8, 2011.  This correspondence is to serve 24 hour notice of our filing.

I can be reached at the number above, or my personal cell phone at (314) 374-4886 should you wish to send legal counsel to appear on behalf of the Police Department.   I would anticipate being in court at 11:00 a.m. on Friday March 25, 2011.

Thank you for your courtesies.

Sincerely,

John A. Bouhasin

JAB:dll
Enclosures

PETITIONER'S
EXHIBIT
3

```
*********************
***  TX REPORT  ***
*********************


TRANSMISSION OK

TX/RX NO                1677
DESTINATION TEL #       4445611
DESTINATION ID
ST. TIME                03/24 10:40
TIME USE                00'15
PAGES SENT              1
RESULT                  OK
```

**BOUHASIN LAW FIRM**
**A Professional Corporation**
**5201 Hampton Avenue**
**St. Louis, Missouri 63109-3102**
**(314) 832-9600**
**(314) 353-0181 Fax**
**bouhasinlaw@gmail.com**

March 24, 2011

St. Louis Metropolitan Police Department
Attn:  Board of Police Commissioners
1200 Clark Avenue, Room 603
St. Louis, Missouri  63103

**Sent via fax to Mark Lawson, Police Legal Advisor (314) 444-5611**

    RE:   Nicholas Manasco, et al v. Board of Police Commissioners

Dear Sir or Madam:

    Please be advised that I represent Police Officers Nicholas Manasco and Thomas Favazza, relative to a direct order to produce personal cellular telephone records, issued March 18, 2011 at the office of the Internal Affairs division of the St Louis Metropolitan Police Department by Sgt. James Clark.

    Please be further advised that I am filing a suit in equity in St. Louis City Circuit Court to enjoin and/or restrain the St. Louis Metropolitan Police Department from implementing and enforcing this direct Order issued on May 18, 2011 to turn over personal cell phone records relative to an incident that occurred on March 8, 2011.  This correspondence is to serve 24 hour notice of our filing.

    I can be reached at the number above, or my personal cell phone at (314) 374-4886 should you wish to send legal counsel to appear on behalf of the Police Department.   I would anticipate being in court at 11:00 a.m. on Friday March 25, 2011.

    Thank you for your courtesies.

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| N. M., a POLICE OFFICER, et al., | ) | |
| | ) | |
| Petitioners, | ) | Cause No. |
| | ) | |
| vs. | ) | |
| | ) | |
| BOARD OF POLICE COMMISSIONERS, | ) | |
| CHIEF JEROME LEE | ) | |
| DR. MICHAEL GERDINE | ) | |
| MS. BETTYE BATTLE-TURNER | ) | |
| MR. RICHARD GRAY | ) | |
| MAYOR FRANCIS SLAY, EX OFFICIO | ) | |
| CHIEF DANIEL ISOM | ) | |
| INTERNAL AFFAIRS DIVISION | ) | Division No. |
| | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| HOLD SERVICE ON RESPONDENTS | ) | |

**TEMPORARY RESTRAINING ORDER**

**Count I:  Request for Temporary Restraining Order, Preliminary Injunction and Permanent Injunctive Relief**

This matter comes before the Court on Petitioners N. M., et al., requests for a temporary restraining order(s), preliminary injunctions and permanent injunctive relief.  At this time the Court takes up the request for a temporary restraining order.  Petitioner and Respondents appear by counsel. The Court makes the following findings of specific facts that support the showing required by Rule 92.02(a), to wit:

      1.      Petitioner N. M. is an individual residing in the City of St. Louis and employed as a Police Officer for the St. Louis Metropolitan Police Department.

      2.      Petitioner T. F. is an individual residing in the City of St. Louis and employed as a Police Officer for the St. Louis Metropolitan Police Department.

      3.      Petitioner S. S. is an individual residing in the County of St. Louis and employed as a Police Officer for the St. Louis Metropolitan Police Department.

      4.      Petitioner C. B. is an individual residing in the City of St. Louis and employed as a Police Officer for the St. Louis Metropolitan Police Department.

5.      Respondent Board of Police Commissioners exists pursuant to Chapter 84.020 R.S.Mo.,
Further Respondent is charged with the duty of establishing and maintaining a police force pursuant to
84.100 R.S.Mo

6.      Petitioners are employees of Respondent Board of Police Commissioners.

7.      On or about March 17 and March 18, 2011, Petitioners were summoned to the Internal
Affairs Division of the St. Louis Metropolitan Police Department and ordered to answer questions in
connection with an allegation of employee misconduct relative to a photograph of a deceased suspect,
Carlos Boles, who after shooting and killing Federal Marshall John Perry, was killed by Officers/Marshalls
on or about March 8, 2011 at or near 3117 Osage.   The Employee Misconduct Report alleges that an
unknown officer took a picture of the deceased subject, and forwarded it other persons, including a private
citizen whom then contacted the Internal Affairs Division of the St. Louis Metropolitan Police Department.

8.      On or about March 18, 2011, Petitioners N. M. and T. F. were given a direct order by Sgt.
William Brown, of the Internal Affairs Division, to produce detailed telephone records from their private
cellular telephones, which includes all texting and messaging information, to include the pictures or images
that were sent and received between March 8, 2011 from 12:00 am. to March 18, 2011 at 12:00 p.m.  The
Order indicated that the officers would be subject to discipline for failure to obey this direct Order if they
do not produce their private telephone records. Discipline could result in termination of employment.  True
and authentic copies of a transcript of the orders are attached hereto as **Exhibits 1a** and **1b**.  Petitioners S.
S. and C. B were given identical direct orders by Sgt. William Brown.  True and authentic copies of the
transcript of the orders are attached hereto as **Exhibits 1c** and **1d**.

9.  The records of telephone numbers requested by the Metropolitan Police Department are not in
the names of Petitioners N. M and T. F, rather ownership is held in the names of the Petitioners' wives
and/or family members.  True and authentic copies of the redacted cover pages of the telephone statements
are attached hereto as **Exhibits 2a** and **2b**.  Likewise, the telephone records of Petitioners S. S. and C. B
include private telephone numbers and information belonging to their wives and/or family members.  True

and authentic copies of the redacted cover pages of the telephone statements are attached hereto as **Exhibits 2c** and **2d**.

10. The Order of the St Louis Metropolitan Police Department to produce records of a cellular phone not owned by the individual employees and/or containing personal information of non-employees is invalid and unlawful, as the owners of the accounts and/or information contained in the account statements are not employees of the St Louis Metropolitan Police Department.

11. Petitioners do not have the authority to *require* their family members to voluntarily consent to produce their cellular telephone records and/or the information contained therein, *which include their personal businesses records*.

12. Pursuant to **City of Ontario, California, et al., v. Jeff Quon, et al**., *130 S.Ct. 2619 (2010)* The Fourth Amendment states: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated...." It is well established that the 4th Amendment's protection extends beyond the sphere of criminal investigations. Id at 2627. Individuals do not lose 4th Amendment rights merely because they work for the government instead of a private employer. Id at 2618.

13. The City of Ontario case pertains to a police officer assigned to a swat unit, who was ordered by his Internal Affairs Division to produce transcripts of text messages made on a department issued pager. Id at 2626 . Before acquiring the pagers, the City announced a policy concerning computer usage, internet an email policy. Id at 2625. The Policy stated it allowed the police department to monitor those communications. Id. The police department subsequently revised their policy to include text messages on department issued pagers as "emails" and would be subject to review. Id. The police department subsequently requested transcripts of Quon's text messages for a 2 month period. Id. The Department then redacted all messages sent while Quon was off duty. Id.

14. The analysis of Quon focused on whether the search was excessively intrusive. Id at 2631. In whether the search was too intrusive, the court discussed the extent of Quon's expectation of privacy. Id.

The Court considered two factors, first the pagers were issued to SWAT team members by the Department in order to help them more quickly respond to crises, and second that Quon was warned the pager was subject to audit. Id.  In concluding the search was not unreasonable, the Court distinguished this search from that of a search of a person's private information stating that the "audit of messages on Quon's employer-provided pager was not nearly as instrusive as a search of his personal email account or pager, or a wiretap on his home phone line." Id.

15. The instant case involves the Internal Affairs Division of the St. Louis Metropolitan Police Department requesting petitioners to turn over personal cell phone records of accounts owned by and/or containing private information of family members.   As the Court noted, these situations are quite distinguishable.   The SLMPD has issued no special order relative to review of any personal property, including cell phones and pagers.  The SLMPD has issued a special order relative to computer systems, however these items are specified as SLMPD equipment.  See Sec I & II of S.O. 9-06.  On the other hand, Cell phones and text messaging communications are so pervasive that some persons may consider them to be essential means or necessary instruments for self expression.  Id at 2630.  And employer policies concerning communications will of course shape the reasonable expectations of privacy of their employees, especially to the extent that such policies are *clearly* communicated.  Id at 2630.

16.  Petitioners have given statements pursuant to Garrety v. New Jersey, 385 U.S. 493 (1967), which requires police officers respond to questions directly and narrowly related to the performance of their duties, however the case does not contemplate the production of any documents, much, let alone any documents of a personal nature such as cell phone records and/or information belonging to Petitioners' family members.

17.   Should the SLMPD be allowed to review such records, the review would amount to a warrantless search in violation of the fourth amendment and fourteenth amendments, and excessively intrusive in nature.  Katz v. U.S. 277 U.S. 347, 88 S.Ct. 507 (1967).

18.    Petitioners have no adequate remedy at law and immediate and irreparable harm, injury, loss or damage will result in the absence of relief.

19.    If a temporary restraining order and injunction is granted in this action the injury, if any, to Respondents, if the final judgment is in their favor, will be inconsiderable (or nonexistent) and will be adequately indemnified by a minimal bond.

WHEREFORE, it is hereby ORDERED, ADJUDGED, and DECREED that Respondents are hereby ENJOINED from implementing and/or enforcing the direct order issued by Sgt. James Clark and Sgt. William Brown on or about March 18, 2011, requiring Petitioners to produce personal cellular telephone records, belonging to and/or containing information of family, under the threat of reprimand to termination of employment.

IT IS FURTHER ORDERED that Petitioners shall file a bond in the penal sum of _____ .

**SO ORDERED**.  Dated this _____ day of _____, 2010, at _____ p.m.

_____
Judge, Division _____