UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| N.M., ET AL. )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>)<br>BOARD OF POLICE COMMISSIONERS, )<br>ET AL., )<br>)<br>Defendants. ) | Cause No. 4:11-cv-00557 |

# *DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' REQUEST FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF*

COMES NOW Defendants, by and through counsel, for their Response in Opposition to Plaintiffs' Request for Temporary Restraining Order and Injunctive Relief, and state as follows:

## I.   Factual and Procedural Background

This matter arises from the shooting death of suspect Carlos Boles on March 8, 2011, which also resulted in the death of a U.S. Marshall and injuries to a second Marshall and a City of St. Louis police officer. Following the shooting incident, a graphic photographic image of the deceased suspect Carlos Boles' body was taken at the scene by a City of St. Louis police officer and forwarded via text message to other police officials within the Department and to private citizens. One of those private citizens contacted the Internal Affairs Divisions ("IAD") to report receiving the graphic photograph image. IAD then initiated its internal investigation into the matter. The IAD's investigation included, in part, issuing a direct order to Plaintiffs to produce their telephone records showing the text messages and the photographic images sent from their respective telephones between March 8, 2011 and March 18, 2011. (*See, a copy of the IAD*

*Order attached to Plaintiff's Request, as Exhibit 1B*). Plaintiffs were directed to produce these records to IAD by Monday, March 28, 2011 by noon.

On Friday, March 25, 2011, at approximately 12:12 p.m., Plaintiffs Nicholas Manasco, Thomas Favazza, Stephen Schroeder and Curtis Burgdorf filed their Request for Temporary Restraining Order ("TRO") and Injunctive Relief in the 22nd Judicial Circuit Court of the City of St. Louis, Missouri. Plaintiffs' TRO seeks equitable relief from the Court to preclude the disclosure of the cellular telephone and text message records from the period of March 8, 2011 to March 18, 2011 until a determination is made into the lawfulness of the request for these records. Plaintiffs' TRO alleges that the disclosure of these cellular phone records violates their federally-protected right against unreasonable searches and seizures under the Fourth Amendment of the United States Constitution. Also, on Friday, March 25, 2011, Defendants filed their Notice of Removal requesting the matter be removed from the 22nd Judicial Circuit Court to the Federal District Court, Eastern District of Missouri, pursuant to 28 U.S.C. § 1441 and 1446.

Broadly construed, Plaintiffs Manasco and Favazza appear to allege that the requested telephone records are owned by or held in the names of their spouses and/or family members. (See, Plaintiff's Request, ¶ 9). Plaintiffs Schroeder and Burgdoff also allege that the requested telephone records include private telephone numbers and information belonging to their wives and/or family members. (See, Plaintiff's Request, ¶ 10). Plaintiffs allege that the IAD order to produce the requested phone and text message records is an unlawful order because the phone account is allegedly either held in another person's name or includes unidentified personal information of others.

The matter was scheduled to be heard by the District Court on Monday, March 28, 2011 at 9:00 a.m. The District Court for the Eastern District entered its order that all judges in the

district indicated their recusal from the case. By agreement, Defendants postponed the TRO deadline until Tuesday, March 29, 2011 at noon. The matter was transferred to the Honorable Nanette Laughrey of the U.S. District Court for the Western District of Missouri.

## II.     Analysis and Argument

### A.     Plaintiffs' Lack Standing to Allege a Fourth Amendment Violation

As a preliminary matter, Plaintiffs lack standing to assert a Fourth Amendment violation. Plaintiffs fail to establish any infringement on to their *own* constitutional rights because they are not the persons aggrieved by the alleged search and seizure of the phone records at issue. Plaintiffs seek to establish a constitutional violation only through the use of information gathered as a consequence of the request for someone else's purported records. Plaintiffs fail to assert or allege an invasion of their *own* privacy rights, but instead attempt to assert the privacy interests of their spouses or other family members. This is the only basis upon which Plaintiffs' seek the extraordinary remedy of the TRO.

"Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." *See Brown v. United States*, 411 U.S. 223, 230 (1973). A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed. *Id.* "Factors relevant to the determination of standing include ownership, possession and/or control of the area searched or item seized; historical use of the property or item; ability to regulate access; the totality of the circumstances surrounding the search; the existence or nonexistence of a subjective anticipation of privacy; and the objective reasonableness of the expectation of privacy considering the specific facts of the case." *United States v. Stallings,* 28 F.3d 58, 61 (8th Cir.1994).

Plaintiffs' effort to disavow any property or propriety interest in the phone records should also preclude the Plaintiffs from affording themselves the protections of the Fourth Amendment. For this reason alone, Plaintiffs are unable to satisfy the standing requirement and their Request for a TRO should be denied.

### B. Plaintiffs Are Unable To Meet Their Burden To Establish The Need For Equitable Relief

The relevant inquiry in determining cases involving a request for injunctive relief is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined, with the burden of proof on the moving party. *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981); *United States v. Dorgan*, 522 F.2d 969, 973 (8th Cir. 1975). A preliminary injunction is an extraordinary remedy never awarded as of right. *Winter v. NRDC, Inc.*, 129 S. Ct. 365 (2008). However, "[t]he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-07 (1959).

Injunctive relief is proper only when the party seeking it has demonstrated four factors: (1) the movant's probability of success on the merits, (2) the likelihood of irreparable harm to the movant absent an injunction, (3) the balance between the harm and the injury that the injunction's issuance would inflict on other interested parties, and (4) that the injunction would serve the public interest. *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981); *Winter*, 129 S.Ct. 365; *Pottgen v. Missouri State High School Activities Assoc.*, 40 F.3d 926, 928 (8th Cir. 1994).

As stated above, Plaintiffs lack standing to assert their constitutional claim. Plaintiffs attempt to assert vicarious liability to contest the validity of the alleged privacy intrusion must

fail. If as the Plaintiffs' contend they are not the owners of the phone, then the Plaintiffs have no reasonable expectation of privacy in them. In the absence of legal standing, the Plaintiffs' are unable to succeed on the merits and are unable to demonstrate irreparable harm if the records are provided as directed. Even assuming arguendo that Plaintiff have standing to assert a claim, Plaintiffs maintain a legal remedy at law to bring a civil rights claim under §1983. If the TRO is entered, more harm would result to the Defendants and IAD by limiting their ability to investigate the gross acts of misconduct by these officers and by impeding their investigation into a matter of public concern.

WHEREFORE, for the reasons set forth herein, Defendants move the Court to deny Plaintiffs' Request for Temporary Restraining Order and Injunctive Relief, an for such other and further relief the Court deems just and proper.

/s/ Jessica L. Liss
Jessica L. Liss  #51331MO
PITZER SNODGRASS, P.C.
Attorney for Defendants
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
E-mail: liss@pspclaw.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was served by operation of the Court's electronic filing system upon the following

John A. Bouhasin
Bouhasin Law Firm
5201 Hampton Ave.
St. Louis, Missouri 63109

Mark Lawson
Attorney for Defendants
1200 Clark Ave.
St. Louis, Missouri 63103

                                                    /s/ Jessica L. Liss

Case: 4:11-cv-00557-CDP   Doc. #:  7    Filed: 03/28/11   Page: 7 of 7 PageID #: 72